Toomey, J. J.S.
Insulation, Inc. (hereinafter, J&S), having prevailed upon its G.L.c. 93A claim against United States Fidelity and Guaranty Co. (hereinafter, USF&G), resists paying the “bonus” component of the fee charged by its counsel, Heafitz and Sullivan, LLP (hereinafter H&S).[1] J&S maintains that it is not obliged to pay the “bonus” to H&S because (1) the alleged “bonus” commitment is a contingent fee agreement unsupported by the documentation required by law and (2) the bonus commitment, if any, was applicable solely to services rendered by H&S in connection with the companion litigation between J&S and Granger.[2] We shall treat each contention in turn.
1. The Form of the Agreement
J&S relies heavily upon the provisions of the Rules of the Supreme Judicial Court. More particularly, J&S points to Chapter Three thereof, which, in SJC Rule 3:07, recites the Rules of Professional Conduct (hereinafter, RPC) prescribing the responsibilities of those' who practice law in Massachusetts. SJC Rule 3:07 is sub-divided into a number of specific directives and our attention will focus upon RPC 1.5(c) which controls the duties of lawyers whose services are to be compensated pursuant to contingent fee agreements.
J&S asserts that H&S has violated RPC 1.5(c) “by not providing [J&S] a detailed written contingency fee agreement . . . [expressing] the nature of the claim to which the contingency applied, the terms of the contingency or the conditions, [pursuant to] which the contingency should be paid.” J&S’s Motion to Dissolve, pp. 4-5. The proposition advanced by J&S founders, however, upon the reality that the rule does not mandate the form of such a writing[3] and indeed contemplates the employment of other forms of written expression that may satisfy RPC 1.5(c).[4] There is, at bar, compelling evidence that H&S employed just such an alternative written form, one sufficient to satisfy the essential demands of RPC 1.5(c).
In a series of letters, counsel for H&S and a representative of J&S alluded to the agreement that defined the “bonus” compensation to be paid by J&S to H&S in connection with the latter’s lawyering during the G.L.c. 93A phase of the litigation. Those letters provided that:
1. “[H&S] would want to have a mutually satisfactory understanding on how we are going to deal with . . . my recollection of a 10% contingency bonus on any c. 93A recovery as per our prior communication in advance of doing further work on the case” (Letter, Sullivan (H&S) to Boles (J&S), August 6, 1998);
2. “[H&S is] also requesting $5,000.00 toward the trial preparation and confirmation of the 10% contingency bonus in the event of a M.G.L.c. 93A recovery” (Letter, Sullivan (H&S) to Hoover (J&S), October 5, 1998); and
3. “Additionally, please let this serve as confirmation of the 10% contingency bonus in the event of a 93A recovery” (Letter, Hoover (J&S) to Sullivan (H&S), October 23, 1998).
Although strict compliance with the form suggested by RPC 1.5f would have had the salutary effect of avoiding the instant dispute, this Court finds that the letters, supra, measure up to the requirements of RPC 1.5(c). They identify the names and addresses of the client and the lawyer, they reference the matter as to which representational services were to be rendered (the c. 93A aspect of the litigation) and they describe the method by which the fee is to be determined (10% of “any c. 93A recovery”). The only element of RPC 1.5(c) omitted from the writings at barthe method by which expenses are to be deducted from the recoveryis not pertinent to the question at bar. And the absence of duplicate letters is of no moment because J&S has not challenged the authenticity of the writings. We are *712 left then with the three letters, the combined effect of which comports with the demands of RPC 1.5(c) in all material respects. The contention of J&S to the contrary is without merit.
2. The Reach of the Agreement
Similarly, the assertion by J&S that the agreement pertained only to the c. 93A litigation with Granger is unpersuasive. The writings that memorialized the contingent fee agreement contained no such limitation and, indeed, alluded, severally, to “any c. 93A recovery,” a “MGLA c. 93A recovery," and “a 93A recovery.” (Emphasis added.) Those writings were executed in August and October 1998, thus eroding the further argument of J&S that the c. 93A claim against USF&G, lodged by amendment to the complaint in February 1995, was not within the contemplation of the signatories to the contingent fee agreement.
Additionally, the suggestion of J&S that the discharge of H&S in March 2000, limits H&S to receiving only a quantum meruit fee for its G.L.c. 93A services in obtaining judgment against USF&G is unconvincing because the contingency upon which the “bonus” was conditionedto wit “a c. 93A recovery’Tiad occured on Januaiy 22, 1999. Certainly, a post-services discharge cannot eviscerate a contingent fee agreement the condition of which was the performance of those very services. So too, the J&S claim that the 10% bonus ought not to be calculated upon the attorneys fees awarded in the c. 93A judgment is not compelling because the contingent fee agreement provided for a 10% bonus upon the c. 93A “recovery,” an indisputable component of which was the attorneys fees. While H&S was not entitled to a repetition of any portion of its fees already paid, the “bonus” was not such a multiplication, but was, rather, a distinct benefit of the bargain it had struck with J&S. That bargain will now be honored.
CONCLUSION
For the reasons aforestated, the motion of J&S to dissolve the H&S attorney’s lien is DENIED.

 It is undisputed that J&S has paid in full the primary fees charged by H&S in connection with both the trial of the underlying contract claim and the trial of the G.L.c. 93A claim. The question of fees sought by H&S in conjunction with the recently resolved appeals in the matter, R.W. Granger v. J&S Insulation, Inc., et al, 435 Mass. 66 (2001), is pending before another tribunal.

 The result of the multi-faceted trial was that J&S prevailed on the contract, quantum meruit and G.L.c. 149, §29, claims, was unsuccessful against Granger on the G.L.c. 93A claim, but won a judgment against USF&G under G.L.c. 93A. The last referenced outcome forms the genesis of the instant dispute.

 RPC 1.5(f) suggests only that its sample form “may be used to satisfy the requirements of paragraph (c).” (Emphasis added.)

 “The authorization [by RPC (f)] of this form shall not prevent the use of other forms consistent with this rule.” (Emphasis added.) RPC 1.5(f).